In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2463

THOMAS MASON,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 99 CV 6--Robert L. Miller, Jr., Judge.

Argued December 8, 1999--Decided May 8, 2000

Before HARLINGTON WOOD, JR., COFFEY and FLAUM, Circuit
Judges.

COFFEY, Circuit Judge.  Thomas Mason participated
in a drug conspiracy from 1993-1996 in Elkhart,
Indiana and along with his co-conspirators
distributed at least 34.2 kilograms of cocaine
during that time frame. On March 7, 1997, a grand
jury for the Northern District of Indiana
returned a 34-count indictment charging Mason and
eight other individuals with various drug-related
crimes. Mason was named in four of the 34 counts.

On April 4, 1997, Mason entered a plea of not
guilty to all counts charged in the indictment.
On August 12, 1997, Mason appeared before the
trial court and pled guilty to participating in
a drug conspiracy under 21 U.S.C. sec. 846, as
charged in Count One of the indictment. As part
of the plea agreement, the government agreed to
dismiss the three remaining counts against Mason
and, in exchange, Mason waived the right to
appeal or to challenge his sentence in any
proceeding, including the filing of any petition
pursuant to 28 U.S.C. sec. 2255./1
On January 6, 1998, the trial judge sentenced
Mason to 151 months' imprisonment. After his
sentencing, Mason filed a petition pursuant to
sec. 2255 requesting that his sentence be vacated
due to a denial of due process and ineffective
assistance of counsel. The judge denied Mason's

petition. We affirm.

I.  BACKGROUND

A.  The Drug Conspiracy

Mason was charged in a drug conspiracy that operated primarily in Elkhart, Indiana from 1993 through 1996. Sam Stanciel, also known as "Bootsie," who was the leader of the conspiracy, moved from Chicago, Illinois to Elkhart in 1993, and began to supply Mason and other members of the drug enterprise with cocaine and cocaine base ("crack"). Investigators calculated that throughout the conspiracy, the group distributed over 1.5 kilograms of cocaine base. Initially, Mason received ounces of powder cocaine from Bootsie for distribution, but the amount escalated to kilograms before the conspiracy terminated. Both Mason and Cedric Ware, who worked for Mason, distributed the cocaine in the form of crack at times.

B.  The Plea Agreement and Change of Plea Hearing

On August 12, 1997, Mason appeared before the trial judge with his attorney and stated that he wanted to plead guilty to the conspiracy to distribute cocaine and cocaine base as charged in Count One of the indictment. The judge placed Mason under oath and questioned him to ensure that everyone had the same understanding of the terms of the plea agreement and that Mason was voluntarily entering into the agreement. During questioning from the district court, Mason acknowledged that he was satisfied with his attorney's performance in representing him and also informed the court that he had read the "Petition to Enter a Plea" prior to signing it. Mason acknowledged that the petition contained the same terms upon which he and the government had agreed.

The court reviewed the plea agreement at the hearing with Mason and recited the penalties that he faced, explaining that he could receive a minimum penalty of at least ten years' imprisonment and a maximum of life imprisonment, together with a possible four million dollar fine. The trial judge went on to describe to Mason how the sentencing guidelines operate and the binding recommendation that he would be sentenced at the low end of the guidelines. The judge also stated that the plea agreement required the government to make a sec. 5K1.1/2 motion for a downward departure if Mason were to continue to cooperate, but that the ultimate decision regarding whether to depart downward rested solely with the court.

During the hearing, the district judge also addressed the provision in the written plea agreement that dealt with Mason's waiver of his right to appeal as well as his right to attack his sentence in any separate proceeding at a later time. Mason acknowledged that he understood that he was waiving these rights and the other rights delineated in the plea agreement that accompany a trial. After determining that the defendant fully understood the terms of the plea agreement, the judge proceeded to establish a factual basis for the plea. In open court, Mason described the drug conspiracy spearheaded by Sam "Bootsie" Stanciel. Mason further acknowledged his personal involvement with over 50 grams of cocaine base and 5 kilograms of cocaine. Based on the responses Mason gave to the questions asked of him at the change of plea hearing, the trial court found that the defendant's plea was being made knowing and voluntary.

C. Mason's Sentence

Several months after Mason had entered his plea of guilty, and following a sentencing hearing, the court imposed sentence on Mason. The defendant initially faced a sentencing range of 188-235 months. However, based on his substantial assistance, the government moved the court for a two-level downward departure. See 28 U.S.C. sec. 2255. Mason moved for a four-level departure. See id. Acknowledging that it was not bound by either recommendation, the district court applied a two-level departure, consistent with the government's recommendation, based on its conclusion that Mason's assistance, although substantial, was not exceptional. Mason was sentenced to 151 months' imprisonment on January 6, 1998.

D. Mason's sec. 2255 Petition

Despite the fact that the plea agreement contained an express provision wherein Mason agreed that he would neither appeal nor launch a collateral attack on his sentence,/3 on January 5, 1999, Mason asked that his sentence be vacated pursuant to 28 U.S.C. sec. 2255. Mason based his sec. 2255 claim on ineffective assistance of counsel and a denial of due process, arguing that he would have received a lower sentence had his counsel made certain other arguments at the sentencing hearing. Specifically, he asserted that his attorney should have objected to 1) the amount of drugs attributed to him, and 2) what Mason perceives to be the district court's misapplication of the sentencing guidelines with respect to its authority to depart. In spite of the fact that he advised the trial court that he was satisfied with his attorney's representation, Mason contended that the errors committed by his

counsel substantially infringed upon his right to due process of the law.

## E.  The Decision of the District Court

The trial court denied Mason's sec. 2255 petition. The court explained that Mason had waived his right to attack his sentence when he knowingly and voluntarily entered into the plea agreement. The judge further explained that although Mason couched his argument in terms of ineffective assistance and denial of due process, his petition was, in reality, merely an attack on his sentence and the manner in which it was determined. Although Mason claimed that his sentence was too long due to the deficient performance of his attorney, he never claimed that his waiver was the result of ineffective assistance or that he did not knowingly and voluntarily agree to the terms of the plea. Thus, he could not raise the issues in his sec. 2255 petition. The district judge then proceeded to analyze Mason's ineffective assistance claim on the merits and determined that, even if he had not waived the right to seek post-conviction relief, Mason had failed to establish that his attorney's legal assistance amounted to ineffective assistance of counsel. Mason appeals the denial of his sec. 2255 claim to this Court.

## II.  ISSUES

On appeal, we consider: 1) whether Mason, in his plea agreement, waived the right to seek post-conviction relief; and 2) if not, whether the district court erred in denying Mason's sec. 2255 motion alleging ineffective assistance of counsel.

## III.  DISCUSSION

## A. The Effect of the Plea Agreement on Mason's Right to Seek Post-Conviction Relief

Mason argues that the waiver he made as part of the plea agreement does not preclude his claim of ineffective assistance of counsel. He argues that he is challenging his counsel's deficient performance, not his sentence itself. Because one's entitlement to effective assistance is a fundamental right, Mason asserts that no defendant may ever waive the right to seek post-conviction relief on the grounds of ineffective assistance of counsel. Thus he contends that the trial judge erred in denying his petition for post-conviction relief under sec. 2255.

This Court reviews a district court's denial of a sec. 2255 petition on factual matters for clear error, and on questions of law de novo. See Arango-Alvarez v. United States, 134 F.3d 888,

890 (7th Cir. 1998); Wilson v. United States, 125 F.3d 1087, 1090 (7th Cir. 1997).

The trial court held that Mason waived his right to bring a sec. 2255 petition, and furthermore that Mason's claim of ineffective assistance is nothing more than a challenge to his sentence. Under the law of this circuit, the trial judge reasoned, Mason's waiver stands unless it can be established that he entered his guilty plea without knowing or understanding the terms thereof, or unless he claims ineffective assistance in connection with the negotiation of the waiver. Based on Mason's statements at the plea hearing, the judge properly concluded that Mason knowingly and voluntarily entered into the plea agreement and that the defendant stated that he was satisfied with the performance of his counsel at the time of the entry of the plea. The trial judge had a colloquy with Mason in which he explained the sentence that he faced, and, furthermore, that he was also giving up his right to appeal the sentence or in any way challenge it. The court was satisfied that Mason fully understood the rights that he was waiving and that when he answered the judge's questions in the affirmative he fully understood what he was relinquishing and made his decision to waive those rights freely and voluntarily. He only became dissatisfied with his counsel's performance after the court imposed the sentence upon him.

In Jones v. United States, 167 F.3d 1142 (7th Cir. 1999), this Court addressed for the first time the issue of the enforcement of a plea or cooperation agreement that also waives the right to file a petition under sec. 2255. We noted in Jones that such a waiver is enforceable only if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement. However, we cautioned in Jones that it is only in these situations that a waiver is unenforceable:

Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself--the very product of the alleged ineffectiveness. . . . Similarly, where a waiver is not the product of the defendant's free will--for example, where it has been procured by government coercion or intimidation--the defendant cannot be said to have knowingly or voluntarily relinquished his rights. It is intuitive that in these circumstances the waiver is ineffective against a challenge based on its involuntariness. Mindful of the limited reach of this holding, we

reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to sec. 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

Id. at 1145 (emphasis added).

Jones requires us to explore the nature of Mason's claim to determine if his challenge relates to the negotiation of the waiver. In other words, can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver? The trial judge determined that the answer to both of these questions was "no."

Upon our review of the record, including the transcript from the change of plea hearing, we refuse to hold that the judge's findings in this regard were clearly erroneous. Mason is not challenging the voluntariness of the negotiation of the waiver in his plea agreement; in fact, neither did he claim before the trial court nor before this Court that his decision to enter into the agreement was anything but voluntary. The record demonstrates that Mason volunteered to cooperate and enter into an agreement with the government in order that he might possibly receive the benefit of a lighter sentence. Nor does Mason claim that he received ineffective assistance of counsel with respect to the negotiation of the waiver. To the contrary, when specifically questioned by the trial judge during the change of plea hearing, Mason stated that he was pleased with the performance of his attorney up to that time and that his attorney had done everything that Mason expected of him. Mason merely challenges the fact that his attorney did not adequately challenge the drug quantity for which Mason was held accountable and the fact that he did not persist in his request for a downward departure greater than the two levels granted by the sentencing court./4

Mason's ineffective assistance of counsel claim relates only to his attorney's performance with respect to sentencing. Because the challenge has nothing to do with the issue of a deficient negotiation of the waiver, Mason has waived his right to seek post-conviction relief. See Jones, 167 F.3d at 1145. Thus, the trial court's denial of his sec. 2255 petition was proper.

B.  Mason's Ineffective Assistance of Counsel Claim

We need not reach the issue of whether the performance of Mason's counsel was deficient, in

light of our holding that Mason has waived his right to bring such a claim based on the enforceable terms of his plea agreement. Based on our review, even if we were to reach the claim of ineffective assistance of counsel we would disagree with Mason's contentions.

IV.  CONCLUSION

   We hold that Mason has waived his right to seek post-conviction relief and that the district court acted properly in denying his sec. 2255 motion. The decision of the district court is

AFFIRMED.

/1 28 U.S.C. sec. 2255 provides, in relevant part, as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

/2 U.S.S.G. sec. 5K1.1 provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1)  the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)  the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)  the nature and extent of the defendant's assistance;

(4)  any injury suffered, or any danger or risk of injury to the defendant or his family

resulting from his assistance;

(5)  the timeliness of the defendant's assistance.

/3 The plea agreement, signed by the government and Mason, contained the following paragraph:

I further expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255.

/4 The record reflects that Mason's attorney requested a four-level downward departure and provided the district court with reasons in support of such a departure.