Jamal Antwan MOON, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV.2:01–CV–432.
No. CRIM.2:99cr203.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 15, 2002.

Darryl J. Mitchell, Assistant United States Attorney, Norfolk, VA, for USA.

Jamal Antwan Moon, Petersburg, VA, Pro Se Petitioner.

### OPINION AND FINAL ORDER

SMITH, District Judge.

This matter is before the court on petitioner Jamal Antwan Moon's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, petitioner's Motion is **DISMISSED and DENIED.**

1. Petitioner waived his right to appeal in his

### I. Factual and Procedural History

On December 14, 1999, a federal grand jury sitting in Norfolk, Virginia issued a two-count indictment against petitioner Jamal Antwan Moon. Jennifer T. Stanton was appointed as defense counsel for petitioner on January 28, 2000. Petitioner was arraigned on February 1, 2000. On March 27, 2000, petitioner pled guilty, pursuant to the terms of a written plea agreement, to Count One of the indictment, charging him with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). On June 13, 2000, petitioner was sentenced to eighty-four (84) months imprisonment and three (3) years supervised release. Petitioner did not appeal to the United States Court of Appeals for the Fourth Circuit.[1]

On June 13, 2001, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. On June 15, 2001, the court directed that the Government file a response to petitioner's motion within sixty (60) days from the date of its order. The Government filed a Motion for Extension of Time to File Response, which the court granted on August 20, 2001. The Government filed a second Motion for Extension of Time to File Response, which the court granted on September 5, 2001. On September 6, 2001, the Government filed its Response to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Petitioner filed his Reply to the government response on November 15, 2001. Accordingly, this matter is ripe for review.

### II. Standard of Review

█ Petitioner proceeds under § 2255, which provides:

plea agreement.

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. In order to prevail under § 2255, a petitioner collaterally attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *see also Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958). Petitioner predicates his claim on the first ground.

Petitioner's collateral attack is based solely on a claim of ineffective assistance of counsel. In order to have his sentence vacated based on ineffective assistance of counsel, a petitioner must prove both: "(1) deficient performance and (2) prejudice." *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove deficient performance, a petitioner must show that counsel's representation fell below "an objective standard of reasonableness," which is defined as "reasonableness under prevailing professional norms" and "considering all the circumstances." *Id.* at 688, 104 S.Ct. 2052. In considering whether an attorney's performance was deficient, a court should be "reluctant to second guess the tactics of trial lawyers." *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir.1977)(per curiam). To prove prejudice, a petitioner must show that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Failure to meet either prong defeats an ineffective assistance of counsel claim. *Id.* at 700, 104 S.Ct. 2052. The court need not address both components of the test if the litigant makes an insufficient showing on one prong of the test. *Id.* at 697, 104 S.Ct. 2052.

In deciding a § 2255 motion, the court is not required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir.1988); *United States v. Rowland*, 848 F.Supp. 639, 641 (E.D.Va.1994).

### III. Analysis

Petitioner's plea agreement states that "[t]he defendant also waives the right to challenge the conviction, or the sentence or the manner in which it was determined in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255." Plea Agreement at 3, ¶ 4. Because petitioner waived his right to bring a collateral attack under § 2255, the court must determine whether the waiver is enforceable, and if so, whether the challenge to petitioner's sentence is within the scope of that waiver. *See United States v. Attar*, 38 F.3d 727, 731–33 (4th Cir.1994). Petitioner argues the waiver in his plea agreement is invalid because the waiver was not knowing and voluntary. He presents the court with four reasons he believes it was not knowing and voluntary, including ineffective assistance of counsel in the negotiation of the plea. He then attacks his sentence, claiming his counsel

was ineffective at sentencing because she did not prevent his base level offense from being enhanced four points pursuant to United States Sentencing Guidelines § 2K2.1(b)(5).

The court concludes that the § 2255 waiver is valid and generally enforceable. However, the court holds that petitioner's claim of ineffective assistance of counsel at sentencing is outside the scope of that waiver. In addressing that claim on the merits, the court finds that the conduct of petitioner's counsel at sentencing did not rise to the level of ineffective assistance of counsel.

### A. *Validity of the § 2255 Waiver in Moon's Plea Agreement*

The government argues that Moon's petition is barred because he waived his right to file a § 2255 motion in his plea agreement. Although the Fourth Circuit has not definitively ruled on enforcement of waivers of collateral attack rights, six federal circuit courts of appeals have enforced such waivers when the waiver appears in a plea agreement. *United States v. Cockerham,* 237 F.3d 1179, 1181–82 (10th Cir. 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 821, —— L.Ed.2d —— (2002); *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000); *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir.2000), *cert. denied,* 531 U.S. 1175, 121 S.Ct. 1148, 148 L.Ed.2d 1010 (2001); *Watson v. United States,* 165 F.3d 486, 488–489 (6th Cir. 1999); *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.), *cert. denied,* 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993). This court has concurred that § 2255 waivers are generally enforceable to the same extent direct appeal waivers are enforceable. *Butler v. United States,* 173 F.Supp.2d 489, 493 (E.D.Va.2001).

To be enforceable, a waiver of appeal rights in a plea agreement must be knowingly, voluntarily, and intelligently entered. *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990). A waiver of collateral attack rights must likewise be knowingly, voluntarily, and intelligently entered. *Butler,* 173 F.Supp.2d at 493. Defendant argues his waiver was not knowing and intelligent for four reasons: (1) because his counsel was ineffective in negotiating the plea agreement, (2) because the court did not advise him of the firearm enhancements at his Rule 11 hearing, (3) because the sentence he would receive for pleading guilty had not yet been imposed at the time he waived his right to appeal it, and (4) because even though petitioner stated at his Rule 11 hearing that his guilty plea was being entered freely and voluntarily, circumstances indicated it was not.

The court finds that petitioner's arguments are all without merit and that his § 2255 waiver was knowing and intelligent. A waiver is presumptively valid as long as the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of Rule 11. *United States v. Wessells,* 936 F.2d 165, 167–68 (4th Cir.1991). None of petitioner's arguments overcome the presumption that the waiver was valid.

First, petitioner argues his counsel was ineffective in negotiating the plea agreement because she did not "negotiate a plea bargain agreement which eliminated any firearm enhancements for the gun being stolen or being in connection with a felonious offense." Pet.'s § 2255 Motion at 16. However, petitioner is arguing for the impossible. Application of the United States Sentencing Guidelines by a district court in sentencing a convicted defendant is mandatory. *Mistretta v. United States,*

488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Given the sentencing enhancement provisions in the Guidelines, there is no feasible way petitioner's counsel could have negotiated a plea agreement that required the district court and a United States probation officer to disregard relevant sentencing factors.

Likewise, the waiver is not made unknowing and unintelligent because petitioner claims the court did not inform him of the firearm enhancements at the time he entered his guilty plea. During his Rule 11 hearing, the court conducted an extensive inquiry that met the requirements of Rule 11. Under Rule 11, the court must inform the defendant that "the court is required to consider any applicable sentencing guidelines." Fed.R.Crim.P. 11(c). Rule 11 does not require that the court inform a defendant of what the applicable Guidelines range will be or of particular enhancements that may be applicable in calculating the Guidelines range before accepting a guilty plea. *United States v. DeFusco,* 949 F.2d 114, 118 (4th Cir.1991). In fact, the court could not provide this information at a Rule 11 hearing given that many of the facts relevant to sentencing will only be available to the court after a presentence investigation occurs and a Presentence Report is prepared.

In this case, the court repeatedly told petitioner that the United States Sentencing Guidelines would be used to determine his sentence and that the Guidelines would take into account all relevant conduct. The court advised petitioner that his sentencing range could not be determined until a Presentence Report was prepared and that any prediction made by his counsel, or anyone else, was not biding on the court. The court further advised petitioner of the minimum and maximum penalties and the rights he would forfeit by pleading guilty.

Petitioner was not sentenced above the maximum penalty, of which he was advised. In sum, the fact that the court did not mention the firearm enhancements does not affect the validity of the guilty plea, the plea agreement, or the waiver of collateral attack rights therein. *See DeFusco,* 949 F.2d at 118.

■ Contrary to petitioner's third argument, the waiver is also not invalidated on the basis that petitioner did not know what his sentence would be at the time he waived his appeal rights. The court had advised petitioner of the maximum possible penalty petitioner would face, which was ten years imprisonment.[2] The actual sentence imposed was eighty-four months, which is within the statutory range the court had informed petitioner governed his plea. Mandatory application of the Guidelines prevents a district court from knowing, at the time the guilty plea is accepted, what the applicable Guidelines range will be. A waiver is not unknowing or involuntary simply because the Guidelines range has yet to be determined. *DeFusco,* 949 F.2d at 118; *see also United States v. Rhodes,* 913 F.2d 839, 843 (10th Cir. 1990)(court not required to inform defendant of sentencing range prior to accepting guilty plea), *cert. denied,* 498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991); *United States v. Thomas,* 894 F.2d 996, 997 (8th Cir.)(same), *cert. denied,* 495 U.S. 909, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990); *United States v. Fernandez,* 877 F.2d 1138, 1143 (2d Cir.1989)(same). In fact, the waiver in petitioner's plea agreement waived his right to appeal the court's application of the Guidelines in computing his sentence. *See United States v. Brown,* 232 F.3d 399, 405–06 (4th Cir.2000); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992).

**2.** Petitioner's plea agreement also stated the maximum ten-year penalty.

Petitioner's last argument that his waiver was not knowing and voluntary also fails. Although he argues the waiver is invalid because the court should have recognized circumstances indicating it was coerced and involuntary, petitioner has provided no evidence of any circumstances indicating that, in fact, it was coerced or involuntary. Furthermore, the court has thoroughly reviewed the record and found nothing indicating that the plea was coerced or involuntarily entered. Petitioner admits he stated at his Rule 11 hearing that his guilty plea was being freely and voluntarily entered. The court ascertained, after asking petitioner a lengthy series of questions, that he comprehended the substance of the charge against him and the ramifications of pleading guilty. He affirmed to the court that he had read, understood, and consented to the terms of the plea agreement. He further stated that he understood his appeal rights and the waiver of those rights. The court finds these statements are strong evidence that the plea was voluntary. *See United States v. Lambey,* 974 F.2d 1389, 1394–95 (4th Cir.1992)(en banc)(stating that a defendant's Rule 11 hearing statements may not ordinarily be repudiated); *DeFusco,* 949 F.2d at 119 (finding that defendant's statement at Rule 11 hearing that he was not coerced constitutes "strong evidence of the voluntariness of his plea").

For the reasons outlined above, the court finds the plea agreement and waiver of collateral attack rights therein were knowingly, voluntarily, and intelligently entered.

## B. Ineffective Assistance of Counsel at Sentencing Claim

■ Even though the court finds the waiver is valid and generally enforceable, the court must next determine whether petitioner's claim is outside the scope of that waiver. To determine whether petitioner's claim of ineffective assistance of counsel at sentencing is barred by the § 2255 waiver, the court looks to whether such a claim would be barred by a waiver of direct appeal rights. *See Butler,* 173 F.Supp.2d at 494 (holding waivers of collateral attack rights are subject to same exceptions as waivers of direct appeal rights).

The Fourth Circuit has held that direct appeal waivers are not enforceable against claims that the proceedings following entry of a guilty plea were conducted in violation of a defendant's Sixth Amendment right to counsel. *Attar,* 38 F.3d at 732. The reason for excluding this type of claim is that "a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." *Id.; see also United States v. Astacio,* 14 F.Supp.2d 816, 818–19 (E.D.Va.1998)(acknowledging that a defendant may be entitled to raise a claim of ineffective assistance of counsel by way of a § 2255 motion even where he has waived his statutory right to bring a § 2255 motion).

■ The Fourth Circuit has repeatedly affirmed the Sixth Amendment right of a defendant to effective assistance of counsel during sentencing. *See, e.g., United States v. Breckenridge,* 93 F.3d 132, 135 (4th Cir. 1996) ("[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed."). A waiver in a plea agreement cannot be enforced to bar a defendant's constitutional Sixth Amendment right to assistance of counsel.

The government asserts petitioner's claim does not survive his generally enforceable § 2255 waiver, citing *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999), *Mason*, 211 F.3d at 1067–69, and *Cockerham*, 237 F.3d at 1181–87, in support. In *Jones*, the Seventh Circuit held that only two claims can be raised on a § 2255 motion by someone who has waived his right to file a § 2255 motion: that the defendant received ineffective assistance of counsel in negotiating the waiver or that the waiver was not knowingly and voluntarily made. In *Mason*, the Seventh Circuit applied its holding from *Jones* to bar petitioner Mason's claim of ineffective assistance of counsel at sentencing. The Seventh Circuit held Mason's claim was barred by the waiver in his plea agreement, stating "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, Mason has waived his right to seek post-conviction relief." *Mason*, 211 F.3d at 1069. The court emphasized that "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.* (quoting *Jones*, 167 F.3d at 1145).

Similarly, in *Cockerham*, the Tenth Circuit held that the petitioner's claim of ineffective assistance of counsel at sentencing was barred by the general waiver of collateral attack rights in his plea agreement.

237 F.3d at 1187. The court distinguished ineffective assistance of counsel claims that relate to the validity of the plea and waiver from other ineffective assistance of counsel claims. *Id.* Of particular import, the *Cockerham* court discussed the Fourth Circuit's *Attar* holding. In *Attar*, the Fourth Circuit held that a waiver of direct appeal rights did not preclude the defendants' claim their counsel was ineffective at sentencing. 38 F.3d at 732–33. The *Cockerham* court re-characterized the *Attar* defendants' claim as a claim of entering a plea agreement unknowingly and unintelligently, instead of as a claim of ineffective assistance of counsel at sentencing. 237 F.3d at 1186. Having re-characterized and distinguished *Attar*, the Tenth Circuit held ineffective assistance of counsel claims relating to sentencing are barred by a valid § 2255 waiver. *Id.*

Given the binding precedent of *Attar* on this court, which was not binding in either *Mason*, *Jones*, or *Cockerham*, the court finds that petitioner's claim of ineffective assistance of counsel at sentencing is outside the scope of the waiver.[3] *See also Abarca*, 985 F.2d at 1014 (stating waiver does not "categorically" foreclose defendant's right to bring motion under § 2255 for ineffective assistance of counsel).

■ Petitioner claims that his counsel was ineffective during his sentencing hearing for failing to prevent a four-point enhancement for use of a firearm in con-

---

3. The court recognizes its holding is a narrow one, designed to balance the competing interests of ensuring a defendant's Sixth Amendment right to counsel while enforcing the validity of § 2255 waivers in plea agreements. By limiting the exception to ineffective assistance of counsel at sentencing as required under *Attar*, the court's opinion is designed to deter a future defendant from using this exception to make a thinly veiled attack on the sentence imposed on him or the application of the sentencing guidelines to him. *See, e.g.,* *Mason*, 211 F.3d at 1068 ("although [the defendant] couched his argument in terms of ineffective assistance..., his petition was, in reality, merely an attack on his sentence and the manner in which it was determined"); *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir.1999) ("garden-variety attacks on his sentence...raise[d] in the guise of a claim of ineffective assistance of counsel[ ] [were] exactly the sort of claims he knowingly and voluntarily waived").

nection with a felony under United States Sentencing Guidelines § 2K2.1(b)(5). Section 2K2.1(b)(5) provides a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). Petitioner argues that he possessed the gun for his protection and that it was not used in connection with drug sales. He claims that because he informed his counsel of this fact, she was ineffective for not objecting to the enhancement.

Petitioner cannot meet the deficient performance prong of the *Strickland* test. Petitioner does not demonstrate that counsel's representation fell below an objective standard of reasonableness considering all the circumstances. *See Strickland,* 466 U.S. at 688, 104 S.Ct. 2052 ("In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."). Petitioner admitted to selling drugs from his residence, to having a gun that he knew was stolen, and to knowing that he was not permitted to possess a firearm because of his prior felony convictions. *See* Presentence Report at 6, ¶ 14. Based on these admissions, the decision by petitioner's attorney not to object to the four-point enhancement on the grounds petitioner suggests—namely that the gun was not used "in connection" with the drug sales—was objectively reasonable.

An evaluation of counsel's conduct from her perspective at the time, as *Strickland* requires, indicates that counsel's decision not to object on the basis that the gun was not used "in connection" with the drug sales was reasonable. In addition to petitioner's own admissions, the government's confidential informant testified that petitioner was selling drugs and in possession of a handgun. *See* Presentence Report at 4, ¶ 5. The Fourth Circuit has repeatedly recognized that weapons, such as firearms, are tools of the drug trade. *See, e.g., United States v. Grogins,* 163 F.3d 795, 799 (4th Cir.1998)("the connection between illegal drug operations and guns in our society is a tight one"); *United States v. White,* 875 F.2d 427, 433 (4th Cir.1989)(recognizing that weapons have become "tools of the trade" in illegal narcotics operations); *accord United States v. Wyatt,* 102 F.3d 241, 248 (7th Cir.1996) (firearms kept in house where drugs were sold facilitated drug offense by protecting drug business and stored drugs). The district court is permitted to find that "a firearm is 'used' 'in connection with' another felony offence if it facilitates or has a tendency to facilitate the felony offense." *United States v. Garnett,* 243 F.3d 824, 829 (4th Cir.2001)(citing *Smith v. United States,* 508 U.S. 223, 237, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)).

Even though she did not object to the enhancement on the ground that the gun was not used in connection with the drug sales or that petitioner needed it for self-defense, petitioner's counsel did object to the four-point enhancement on another ground. She filed a Position Paper with Respect to the Presentence Report arguing that the amount of marijuana involved was insufficient for a felony conviction under Virginia law. Although the court ultimately ruled against petitioner and found by a preponderance of the evidence that the enhancement was warranted, counsel's actions forced the government to present evidence in support of the enhancement at the sentencing hearing. *See United States v. Vinson,* 886 F.2d 740, 741 (4th Cir.1989)(stating preponderance standard). Such conduct cannot be considered unreasonable under prevailing professional norms, which is the standard *Strickland*

requires. *See Strickland,* 466 U.S. at 688, 104 S.Ct. 2052.

The performance of petitioner's counsel at his sentencing was not below the level of professional competence. Petitioner has not demonstrated that his counsel acted deficiently, given the standard for deficient performance is "not merely below average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance." *Griffin v. Warden, Maryland Corr. Adjustment Ctr.,* 970 F.2d 1355, 1357 (4th Cir.1992). Because petitioner has not met the deficient performance prong of *Strickland,* the court need not address the prejudice prong as failure to meet either prong defeats an ineffective assistance of counsel claim. *See Strickland,* 466 U.S. at 700, 104 S.Ct. 2052. Accordingly, this claim of ineffective assistance of counsel in petitioner's § 2255 motion is **DENIED**.

### *IV. Conclusion*

For the reasons stated in this Opinion, the petition under 28 U.S.C. § 2255 is DISMISSED due to waiver of all but one ineffective assistance of counsel claim, which claim is DENIED on the merits.

Petitioner is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Final Order.

The Clerk is **DIRECTED** to mail a copy of this Opinion and Final Order to petitioner and the United States Attorney at Norfolk.

It is so **ORDERED**.