# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2670

_____

Clifton L. Allen,                          *
                                           *
              Appellant,                   *
                                           *    Appeal from the United States
       v.                                  *    District Court for the Eastern
                                           *    District of Missouri.
United States of America,                  *
                                           *         [UNPUBLISHED]
              Appellee.                    *


_____

Submitted:   May 2, 2002
    Filed:   May 7, 2002

_____

Before HANSEN, Chief Judge, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

       Pursuant to a written stipulation containing waivers of the right to appeal and
to challenge his conviction or sentence in a post-conviction proceeding, Clifton L.
Allen pleaded guilty to distributing over 50 grams of a mixture or substance
containing cocaine base (crack), and possessing with intent to distribute over 50
grams of a mixture or substance containing cocaine base (crack), each in violation of
21 U.S.C. § 841(a) and punishable under 21 U.S.C. § 841(b)(1)(A)(iii).  He was
sentenced to 235 months imprisonment and 5 years supervised release.  Upon motion
by the government to enforce the appeal waiver, we previously dismissed Allen's
direct appeal.

Allen then filed the present 28 U.S.C. § 2255 motion. The district court[1] denied relief, finding that the section 2255 waiver was enforceable, but granted a certificate of appealability on two issues: whether Allen's trial counsel was ineffective for failing to object to the drug's identification as crack cocaine for sentence-calculation purposes, and whether the trial court violated Allen's due process rights by not granting an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1.

Having carefully reviewed the record, we agree with the district court that Allen made a knowing and voluntary waiver of his right to bring a section 2255 action, cf. United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.) (waiver of right to appeal "must be the result of a knowing and voluntary decision"), cert. denied, 525 U.S. 942 (1998), and that the waiver should therefore be enforced. While "waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel," see DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000), Allen has waived his ineffective-assistance argument related to sentencing, see Mason v. United States, 211 F.3d 1065, 1068-69 (7th Cir. 2000) (upholding waiver of relief under section 2255 because ineffective-assistance claim related only to counsel's performance with respect to sentencing and did not go to validity of plea agreement itself), cert. denied, 531 U.S. 1175 (2001).

Accordingly, we affirm. We also grant counsel's motion to withdraw, and we deny Allen's pending motions.

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.