**Walter Lee BRAXTON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civil Action No. 7:04CV00380.
Criminal Action No. 3:02CR00019.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 14, 2005.

Walter Lee Braxton, Petersburg, VA, Pro se.

William F. Gould, Charlottesville, VA, for Respondent.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Petitioner Walter Lee Braxton brings this pro se motion to vacate, set aside, or

correct his sentence, pursuant to 28 U.S.C. § 2255. Braxton challenges the validity of his sentence for conspiracy to distribute cocaine base within the Western District of Virginia. On November 15, 2004, the United States filed a motion to dismiss petitioner's motion. The court notified the petitioner of the government's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), and warned him that judgment might be granted for the respondent if he did not respond to the motion by filing affidavits or other documents contradicting or otherwise explaining respondent's evidence and argument. The time allotted by the court for the petitioner's response has expired and he has not responded; therefore, this action is ripe for the court's consideration. Upon review of the record, the court denies the petitioner's § 2255 motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 12, 2002, a grand jury indicted Walter Lee Braxton on one count of conspiracy to distribute fifty grams or more of crack cocaine and one count of distribution of fifty grams or more of crack cocaine in a superseding indictment. On February 3, 2003, Braxton pled guilty to conspiracy to distribute and possess with intent to distribute over fifty grams of crack cocaine, in violation of 21 U.S.C. § 846. The maximum possible penalty for this charge is life imprisonment, of which Braxton was notified in his plea agreement and by the judge at his guilty plea hearing. In the plea agreement, Braxton waived his right to appeal any sentencing guideline issues and also waived his right to collaterally attack the judgment or any part of his sentence. In exchange for the plea, the United States dismissed the other count of the superseding indictment.

On July 10, 2003, Braxton was sentenced to thirty years imprisonment, which represented the low end of the guideline range as determined by the probation officer in his Presentence Investigation Report (PSR). At sentencing, Braxton's lawyer, Yvonne Griffin, did not object to the PSR, but did request that the court grant a downward departure to the defendant since his punishment was significantly higher than those imposed on his co-defendants. Although the government opposed the downward departure, the Assistant United States Attorney (AUSA) did indicate that there was a good chance that the government would later make a motion for a reduction of sentence under Fed. R.Crim.P. 35. The court did not grant Braxton's request for a downward departure and sentenced him within the guideline range. Braxton alleges that he asked his counsel, Ms. Griffin, to file an appeal, but counsel failed to do so. The government never filed a motion to reduce Braxton's sentence. In July 2004, Braxton filed this timely petition for relief under § 2255.

Braxton alleges the following grounds for relief in his § 2255 motion:

1. Petitioner's sentence violates the Sixth Amendment as interpreted in *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because: (a) the drug weight that was used to determine his sentence was not found by a jury and the defendant did not stipulate to the amount alleged; and (b) the court enhanced the defendant's sentence based on evidence that a firearm was used in furtherance of the conspiracy, which was not stipulated by the petitioner nor found by a jury.

2. Counsel provided ineffective assistance by: (a) advising petitioner that his potential sentence would be far less than that his ultimate sentence because she did not foresee the firearm enhancement; and (b) failing to appeal his sentence, despite his request that she do so.

Because this court finds that the record in this case conclusively shows that the petitioner is entitled to no relief, it declines to hold a hearing. *See* 28 U.S.C. § 2255.

## II. DISCUSSION

### A. Braxton's § 2255 Waiver is Valid

■ The government argues that Braxton waived his right to bring this action when he entered a guilty plea pursuant to a plea agreement that included a provision waiving his right to file a direct appeal and a § 2255 action regarding his conviction and sentence. This court finds that Braxton's § 2255 waiver was made in a knowing, intelligent, and voluntary manner. In addition, Braxton's particular § 2255 claims do not fit any of the exceptions to recognizing waivers of this sort. For these reasons, this court finds Braxton's § 2255 waiver to be valid.

■ Although the Fourth Circuit has not yet directly addressed whether a defendant can waive his right to bring a § 2255 petition, the court has implied that such a waiver is valid. *See United States v. Cannady,* 283 F.3d 641, 645 n. 3 (4th Cir.2002) (noting that "the courts considering the issue have found § 2255 waivers to be generally valid" and citing cases from six circuits that have found the same). Those courts which have found § 2255 waivers to be generally valid have found these waivers to be "subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal." *Id.; see also Butler v. United States,* 173 F.Supp.2d 489, 492–93 (E.D.Va.2001).

Plea agreement provisions waiving a defendant's right to direct appeal are valid, so long as they are made voluntarily, knowingly and intelligently, and provided that any resulting sentence is not: "(1) imposed in excess of the maximum penalty provided by law, or (2) based on a constitutionally impermissible factor such as race." *United States v. Brown,* 232 F.3d 399, 403 (4th Cir.2000).

■ In this case, Braxton does not allege that his sentence was imposed in excess of the maximum penalty provided by law, since the maximum penalty for his crime is life.[1] *See* 21 U.S.C. § 846 and § 841(b). Nor does he allege that his sentence was based on a constitutionally impermissible factor such as race. Therefore, the central question in this case is whether Braxton's § 2255 waiver was knowing, voluntary, and intelligent.

■ Whether a waiver is "knowing and intelligent" is based on "the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis,* 954 F.2d 182, 186 (4th Cir.1992) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). Statements that a defendant makes to the court during his guilty plea hearing can serve as strong evidence that a waiver was knowing and voluntary. *See Brown,* 232 F.3d at 405–406.

Braxton's plea agreement states, "I further agree to waive my right to collaterally attack, pursuant to Title 28, United States

---

**1.** Petitioner does allege that his sentence is unconstitutional because he was sentenced based on factors that he did not stipulate and that were not found by a jury. Sentences that are in excess of the "maximum penalty provided by law," however, are those that exceed the maximum penalty written into the specific statute that has been violated. *See United States v. Leigh,* 23 Fed.Appx. 131 (4th Cir.

2001) (sentence was imposed "in excess of maximum penalty provided by statute" where statutory range was up to 240 months imprisonment under 21 U.S.C. 841(b)(1)(C) and defendant received 262 months). In this case, 21 U.S.C. § 846 and § 841(b)(1)(A) specify that the range of imprisonment for Braxton's crime—conspiracy to distribute fifty grams or more of crack cocaine—is ten years to life.

Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court." Plea Agreement, para. 9. The defendant signed the plea agreement and initialed the page on which this waiver is found. In addition, the court specifically questioned Braxton about his § 2255 waiver to make sure that he understood it:

The Court: You've also waived a right to attack collaterally the judgment and sentence, what's called a Rule 2255 motion. Did you discuss that with [your attorney] Mrs. Griffin? That's paragraph nine. Let him see that.

(Ms. Griffin conferred with the defendant.)

The Defendant: Yes, sir.

The Court: Now, did you freely and voluntarily waive that right?

The Defendant: Yes, sir, I did.

The Court: And you discussed it with Ms. Griffin?

The Defendant: Yes, sir, I did.

Plea Transcript (2/3/03) at 15. Braxton's testimony indicated that he was competent to plead; he testified that he was an adult, that he had progressed to tenth grade in school, that he was physically well and not under the influence of alcohol or drugs. Plea Tr. 2–4. He also testified that he had ample opportunity to discuss his legal issues with counsel and that he was fully satisfied with the counsel, representation and advice given to him by Mrs. Griffin. Plea Tr. 4 & 6.

Finally, the court specifically asked the petitioner if anyone had attempted in any way to force him to plead guilty, or if any promise or assurance of any kind had been made in an effort to induce him to plead guilty, other than the plea agreement itself. Plea Tr. 16. Braxton responded in the negative to both of these questions, which serves as evidence that his plea and waiver were voluntary.

Based on this record, the court concludes that Braxton's statements to the court at the plea hearing are conclusive evidence of the validity of the guilty plea and § 2255 waiver. The Fourth Circuit has found waivers to be voluntary, knowing, and intelligent in substantially similar circumstances. *See United States v. Broughton–Jones,* 71 F.3d 1143, 1146 (4th Cir.1995).

### B. *Blakely* Claim

■ Braxton's first ground for relief included in his § 2255 petition is that his sentence violates the Sixth Amendment as interpreted in *Blakely.* The court finds that this claim is barred by Braxton's valid waiver of his right to collaterally attack his sentence in his plea agreement. Therefore, Braxton's *Blakely* claim must be dismissed.

The court also notes that even if it were to address Braxton's *Blakely* claim, it would deny the claim because it is the court's view that the rule announced in *Blakely* and made clear in *Booker* does not apply retroactively to cases on collateral review. *See United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005) ("[W]e must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to all cases on *direct* review.") (emphasis added); *Lilly v. United States,* 342 F.Supp.2d 532, 535 (W.D.Va. 2004) (holding that if the Supreme Court found *Blakely* applicable to the federal guidelines, that the new rule would not apply retroactively to cases on collateral review).

### C. Ineffective Assistance of Counsel Claims and § 2255 Waivers Generally

Braxton's second claim in his § 2255 petition is that he received ineffective assistance of counsel. This court must decide the question of whether ineffective

assistance of counsel claims brought in a § 2255 motion can also be barred by a valid § 2255 waiver.

■ Because the Fourth Circuit has not ruled directly on the validity of § 2255 waivers, it has yet to address the permissible scope of such waivers. Specifically, the court has not defined the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver. *See Cannady*, 283 F.3d at 645 n. 3 (declining to reach the question of the "scope and effect of the [§ 2255] waiver," but noting that some courts have concluded that "the right to file a § 2255 action based on counsel's ineffectiveness with regard to the negotiation of the plea or the voluntariness of the plea is not barred by the waiver"). This court finds that if a defendant validly waives his right to bring a § 2255 action, then there is no reason why that waiver should not preclude a § 2255 action containing an ineffective assistance claim, so long as the ineffective assistance claim does not bear on the validity of the plea or the waiver itself.

Courts have consistently found that "defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992). Waiving one's right to file a § 2255 motion alleging ineffective assistance cannot be distinguished in any way from other fundamental constitutional rights that defendants are permitted to waive. In addition, enforcing these waivers serves important interests of both the government and defendants. It serves "the government's interest in avoiding both the expense and uncertainty of further litigation" and the defendant's interest in striking a bargain whereby he receives exemption from prosecution for other crimes. *Garcia–Santos v. United States*, 273 F.3d 506, 509 (2d Cir.2001); *see also Butler v. United States*, 173 F.Supp.2d 489, 493 (E.D.Va.2001).

District courts within the Fourth Circuit have come to different conclusions about whether a defendant who has validly waived his right to bring a § 2255 motion can later bring an ineffective assistance of counsel claim under § 2255. *Compare Moon v. United States*, 181 F.Supp.2d 596 (E.D.Va.2002) (holding that petitioner's claim of ineffective assistance at sentencing was outside the scope of a valid § 2255 waiver), *with United States v. Parker*, CR–6–99–54, CA–7–01–491 (W.D.Va. March 31, 2003) (finding that a valid § 2255 waiver precludes petitioner's claim of ineffective assistance which did not bear on the validity of the plea or waiver). Although *Parker* is unpublished, it only reflects the resolution of the issue that several circuits have already reached. *See, e.g., United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir.2001). For the reasons articulated herein, this court finds rule applied in *Parker* more persuasive than the rule announced in *Moon.*

In *Moon*, the district court reasoned that the same exceptions that apply to waivers of direct appeal must also apply to waivers of § 2255 rights. 181 F.Supp.2d at 601. The *Moon* court then relied on *Attar*, which held that a direct appeal waiver does not bar a defendant from raising a claim that the sentencing hearing was conducted in violation of his Sixth Amendment right to counsel. *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994). However, *Attar* can be distinguished from the case at hand because it involved waivers of direct appeal, not § 2255 waivers. It is true that several courts have held that § 2255 waivers should be "subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal." *Cannady*, 283 F.3d at 645 n. 3 (noting what other courts have held in regard to § 2255 waivers); *see also Butler v. United States*, 173 F.Supp.2d 489, 493 (E.D.Va.2001). How-

ever, claims of ineffective assistance are different sorts of claims, and should not be treated identically for direct appeal and § 2255 waiver purposes. Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, "[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." *United States v. King*, 119 F.3d 290, 295 (4th Cir.1997). Therefore, the waiver exception recognized in *Attar* applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 motion would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that, "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded." *United States v. White*, 307 F.3d 336, 344 (5th Cir.2002).[2]

Finally, this court finds it persuasive that the majority of circuits who have confronted this question have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea

agreement or the waiver, are waivable. *See United States v. White*, 307 F.3d 336, 343–44 (5th Cir.2002); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied* 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Garcia–Santos v. United States*, 273 F.3d 506, 508–509 (2d Cir.2001); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir.2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999).

## D. Braxton's Ineffective Assistance of Counsel Claims do not Invalidate his § 2255 Waiver

For the foregoing reasons, this court finds that § 2255 motions claiming ineffective assistance of counsel that do not relate directly to the validity of the plea or the § 2255 waiver itself are waivable. This court has already demonstrated that Braxton's waiver was "intelligent, knowing, and voluntary" under Fourth Circuit law. The only remaining issue, therefore, is to determine whether Braxton's ineffective assistance claim falls within the exception to § 2255 waivers that the court articulated above. This determination requires the court to inquire whether Braxton's ineffective assistance claim attacks the validity of the plea or waiver. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.2000) (As one court framed this inquiry, "In other words, can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?") Braxton alleges that his counsel performed

---

2. The Tenth Circuit has also distinguished § 2255 waivers from the situation in *Attar* by arguing that the *Attar* defendants' waivers fit into a category of unknowing or unintelligent plea agreements which cast doubt on the validity of the waiver itself. *See United States v. Cockerham*, 237 F.3d 1179, 1186 (10th Cir.

2001). The Fourth Circuit has lent support to this distinction by characterizing *Attar* as standing for the proposition that "a valid appeal waiver does not bar review of a 6th Amendment challenge to *plea* proceedings." *United States v. Broughton–Jones*, 71 F.3d 1143, 1147 (4th Cir.1995) (emphasis added).

ineffectively in two respects: (1) counsel did not anticipate the weapons enhancement to the petitioner's sentence; and (2) counsel did not file an appeal when asked to do so by petitioner.

In regard to the first basis for ineffective assistance, Braxton implies that his guilty plea is invalid because he was told by his counsel that his sentencing exposure was far below the sentence that he ultimately received. He alleges that his counsel was "blindsided" by a weapons enhancement at sentencing, which increased petitioner's sentence beyond what he was expecting. This alleged "surprise" at sentencing, however, does not invalidate petitioner's § 2255 waiver. Braxton's waiver was still knowing, intelligent and voluntary because the court specifically informed him of his sentencing exposure—the court told him that the maximum possible penalty that he could receive was life imprisonment. Plea Tr. 9. When specifically asked by the court if he understood that range of penalty, he responded, "Yes, sir, I do." Plea Tr. 9–10. The court also explained to the defendant that the court could not determine his sentence under the guidelines until after the PSR was completed and that the court would make a decision about any disagreements that the government and his attorney may have about how the guidelines apply in his case. Plea Tr. 11–12. The defendant's own testimony indicates that he fully understood that his sentence could not be determined until after the PSR was completed and that there were no guarantees that the sentence that he expected to receive would be the sentence that he would receive. In addition, at the time that he entered his guilty plea and waiver, the defendant was specifically asked if he was fully satisfied with his counsel and he indicated that he was satisfied. Plea Tr. at 6. The defendant's allegation that he received a sentence greater than what he expected, therefore, does not undermine the court's

determination that his guilty plea and § 2255 waiver were entered knowingly, intelligently, and voluntarily. The alleged ineffective assistance of counsel did not taint that valid guilty plea and waiver.

■ Moreover, even if the court were to reach the merits of petitioner's first ineffective assistance of counsel claim, assuming that all of petitioner's allegations are true, this court would conclude that the claim still must be dismissed. To prove constitutionally deficient ineffective assistance of counsel, a defendant must satisfy a two-part test. First, he must show "that counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (citations omitted). Second, he must prove "prejudice," namely that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. 366.

In this case, the evidence shows that Braxton pled guilty primarily because he hoped that the government would move to reduce his sentence at a later time for his substantial assistance. His lawyer, Ms. Griffin, stated in her affidavit that she informed Braxton prior to his guilty plea hearing that he faced a likely sentence of thirty years if he pled guilty. Griffin Aff. Para. 2. She indicated that Braxton decided to plead guilty after she explained that the government could not consider offering him a substantial motion if he did not plead guilty. Para. 3–5, 8, 13, 15. Griffin also stated that on January 8, 2003, at Braxton's insistence, she arranged for him to meet with police officers to make a proffer in an attempt to lower his sentence. Para. 4. The notion that Braxton was attempting to obtain a substantial assistance motion from the government is also confirmed by the transcript of the

sentencing hearing. At the sentencing hearing, AUSA Gould stated that "Mr. Braxton has a pretty good chance of coming back before the Court at a later date for a Rule 35, but that hasn't happened yet." Sent. Tr. (7/10/03) at 9. Finally, the government has submitted a copy of a letter from Ms. Griffin to the AUSA, dated March 24, 2003, where Griffin indicates that Braxton would like to meet with the government again and offer more information to increase his chances of getting a substantial assistance motion. This evidence shows that, even if Griffin's representation fell below an objective standard of reasonableness, it is still likely that Braxton would have plead guilty in the hopes of getting a substantial assistance motion from the government.

In addition, Braxton does not even allege that, had counsel correctly informed him about his sentencing exposure, he would have pled not guilty and insisted on going to trial. Because the evidence against him was so overwhelming,[3] he likely would have again attempted to obtain a motion for substantial assistance from the government by pleading guilty. In short, even if this court were to evaluate the merits of the petitioner's first ineffective assistance of counsel claim, it would have to dismiss the claim because petitioner fails to satisfy the prejudice prong of the test articulated in *Hill.*

Braxton's second claim is that his counsel failed to file an appeal after he requested that she do so. The court finds that this claim is barred by Braxton's § 2255 waiver because Braxton has not even alleged that his counsel's failure to file his appeal affected the validity of his guilty plea or § 2255 waiver in any way. In addition, the alleged violation occurred several months after the plea hearing and therefore is unlikely to have affected the validity of the guilty plea proceedings or the negotiation of the § 2255 waiver.

Consequently, both facets of petitioner's ineffective assistance of counsel claim can be dismissed on the ground that he validly waived his right to bring this § 2255 motion in his plea agreement.

### III. CONCLUSION

For the reasons stated above, the court will grant the government's motion to dismiss petitioner's § 2255 motion in its entirety. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for respondent.

### FINAL ORDER

For the reasons set forth in the accompanying memorandum opinion, it is hereby

### ADJUDGED AND ORDERED

as follows:

---

3. In his guilty plea hearing on February 3, 2003, the AUSA summarized the government's evidence against Braxton. Plea Tr. 16–18. The government had a recorded telephone conversation where Braxton stated that he was on his way to the New York area to purchase narcotics. The government also had video and audio tapes of Braxton selling 74 grams of crack cocaine to a confidential informant. Plea Tr. 17–18. Finally, the government had a number of other recorded phone calls regarding that transaction and about his involvement in the drug conspiracy. Plea Tr. 18.

506

1. Respondent's motion to dismiss shall be and hereby is GRANTED;

2. Petitioner's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, shall be and hereby is DISMISSED;

3. This action is hereby stricken from the active docket of the court.

The Clerk is directed to sent certified copies of this order and accompanying memorandum opinion to petitioner and to counsel of record for respondent.