**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4783**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

LEE HOPE THRASHER,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:04-cr-00148-RBS)

---

Submitted:  October 23, 2008          Decided:  November 24, 2008

---

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

Craig W. Sampson, BARNES & DIEHL, P.C., Chesterfield, Virginia, for Appellant.  Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Hope Thrasher appeals her convictions and 180-month sentence after pleading guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 317 (2000), and two counts of wire fraud, in violation of 18 U.S.C. § 1343 (2000). Counsel for Thrasher filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review whether: (1) the district court erred in applying the Sentencing Guidelines; (2) a "Corporation Sole" qualifies as a religious institution protected under the First Amendment; (3) trial counsel was ineffective in failing to call witnesses and present additional arguments at sentencing; (4) the sentence imposed was unreasonable; (5) the presentence report improperly contained allegations of money laundering and information not included in the Statement of Facts; (6) the restitution order and loss amount calculations were improperly inflated; and (7) the district court erred in denying co-defendant Howard Welsh's motion to continue the sentencing hearing. Thrasher filed a pro se supplemental brief, in which she asserted that: (1) her plea was unknowing and involuntary due to ineffective assistance by trial counsel; (2) the use of the 2006 Sentencing Guidelines constituted an Ex Post Facto violation; and (3) the district court erred in imposing multiple sentencing

2

enhancements. The Government has filed a motion to dismiss based upon the waiver of appellate rights in Thrasher's plea agreement.

Pursuant to a plea agreement, a defendant may waive her appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) (waiver upheld as voluntarily and intelligently made). Whether a defendant has waived her right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). The validity of a waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Id. at 732. This determination is based on the totality of the circumstances, including the adequacy of the plea colloquy and the experience and conduct of the defendant. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

In her pro se supplemental brief, Thrasher claims that her appellate waiver was invalid and that she entered her guilty plea only because she received ineffective assistance from her trial counsel. Neither contention warrants relief. First, there is no indication in the record that counsel was ineffective, and Thrasher fails to identify any such evidence. Accordingly, because the record does not conclusively establish ineffective assistance,

3

Thrasher's assertions regarding her counsel's performance, including her claims that counsel advised her to plead guilty without properly investigating a number of available defenses and failed to present relevant evidence and testimony at sentencing, must be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Nor is there evidence in the record indicating that Thrasher did not knowingly, intelligently, and voluntarily enter into her plea and agree to waive her right to appeal. During the plea hearing, the district court properly informed Thrasher of the rights she was forfeiting and the nature of the charges and penalties she faced, determined that Thrasher was competent and entering her plea voluntarily, and found there was a sufficient factual basis for the plea. Furthermore, Thrasher stated that she had fully discussed the case and all possible defenses with her attorney, and that she was satisfied with his representation. Finally, the district court noted the appeal waiver contained in her plea agreement. Despite Thrasher's present contention that her plea was involuntary, her sworn statements at the Rule 11 hearing are presumed to be true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Accordingly, because there is no evidence that Thrasher's plea was not knowing and voluntary, we find that the

4

appeal waiver included in her plea agreement is valid.  See Blick, 408 F.3d at 169.

In her Anders and pro se briefs, Thrasher contends there were numerous errors relating to her sentence and restitution order.  However, these claims are squarely within the scope of the appellate waiver,[*] as Thrasher waived the right to appeal "any sentence within the statutory maximum . . . or the manner in which that sentence was determined . . . on any ground whatsoever."  See Attar, 38 F.3d at 731-33.  Thrasher also asserts that a "Corporation Sole" qualifies as a religious institution that deserves protection under the First Amendment; however, this vague and unsupported claim relates directly to the basis for her conviction, which also falls within the scope of the appellate waiver.  See Blick, 408 F.3d at 171-72; Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  Accordingly, as to Thrasher's contentions that she received ineffective assistance of counsel and that her plea was involuntary, we deny the Government's motion to dismiss as to those

---

[*]While Thrasher contends that the total amount listed in her restitution order was erroneously calculated, she has made no showing that the imposition of restitution in this case was illegal or unauthorized.  See United States v. Broughton-Jones, 71 F.3d 1143, 1146-47 (4th Cir. 1995).  Accordingly, the restitution order falls within the scope of Thrasher's appeal waiver.  See United States v. Cohen, 459 F.3d 490, 497 (4th Cir. 2006).

claims, but nonetheless affirm the district court's judgment. We grant the Government's motion to dismiss as to Thrasher's remaining claims regarding the validity of her convictions and sentence.

This court requires counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
