**Lee Hope THRASHER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civil Action No. 2:10cv94.
Original Criminal No. 2:04cr148.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 25, 2010.

Lee Hope Thrasher, pro se.

### MEMORANDUM OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on petitioner's, Lee Hope Thrasher ("Thrash-er"), motion to vacate, set aside, or correct her sentence pursuant to Title 28, United States Code, Section 2255 ("Motion").[1] The United States responded in opposition to the petitioner's Motion, and the petitioner replied.[2] For the reasons set forth below, the court **DISMISSES,** in part, and **DENIES,** in part, petitioner's Motion.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2006, Thrasher pled guilty, pursuant to a plea agreement and accompanying statement of facts, to counts one, two, and three of the indictment. Count one charged her with conspiracy to commit wire and mail fraud in violation of 18 U.S.C. §§ 371, and counts two and three charged her with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. The plea agreement stipulated that the defendant waived her right to direct appeal and also "waive[d] the right to challenge the conviction, sentence, or the manner in which the conviction or sentence were determined, in any collateral attack, including a motion brought under Title 28 U.S.C. § 2255" (hereinafter referred to as the " § 2255 waiver"). (Plea Agreement ¶ 7.) As a result of the plea agreement, the United States moved to dismiss the remaining fifty-two (52) counts against Thrasher. On July 13, 2007, Thrasher was sentenced in this court to a total term of 180 months, which included 60 month sentences on each count of conviction, to be served con-

1. Because Thrasher is a *pro se* petitioner, the court liberally construes the instant Motion. *See Gordon v. Leeke,* 574 F.2d 1147 (4th Cir. 1978).

2. Thrasher's Reply was filed subject to defect on April 26, 2010, as it was untimely and did not contain a certificate of service. However, the court will consider the petitioner's reply in resolving the issues surrounding the Motion. The court **DIRECTS** the clerk to re-move the defect and forward a copy of the petitioner's Reply to the United States Attorney at Norfolk, along with a copy of this Memorandum Opinion and Final Order.

3. Having found that the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, the court did not hold an evidentiary hearing. *See* 28 U.S.C. § 2255.

secutively. Thrasher was also ordered to pay restitution in the amount of $33,543,153.45, which comported with the terms of the plea agreement.[4]

Despite the appeal waiver, Thrasher filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on July 25, 2007.[5] In the appeal, Thrasher's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ("*Anders Brief*"), in which he asserted that there were no meritorious grounds for relief, but asked the court to review, in pertinent part, whether the district court erred in applying the Sentencing Guidelines; whether trial counsel was ineffective for failing to call witnesses and present additional arguments at sentencing; whether the sentence imposed was unreasonable; and whether the restitution and loss amounts were improperly calculated. *United States v. Thrasher*, 301 Fed.Appx. 241, 241–42 (4th Cir.2008). Additionally, Thrasher filed a supplemental *pro se* brief asserting, in pertinent part, that her plea was not knowingly and voluntarily entered due to ineffective assistance of counsel and that the use of the 2006 Sentencing Guidelines constituted an *Ex Post Facto* violation. The United States filed a motion to dismiss Thrasher's grounds for appeal, based on the waiver of her appellate rights in the plea agreement.

The Fourth Circuit denied Thrasher's appeal, and entered judgment on November 24, 2008, affirming, in part, the district court's judgment, and dismissing, in part, Thrasher's appeal.[6] Importantly, the Fourth Circuit found that there was no evidence showing that Thrasher did not knowingly, intelligently, and voluntarily enter into her plea and waiver. *Id.* at 242–43. The court stated:

> During the plea hearing, the district court properly informed Thrasher of the rights she was forfeiting and the nature of the charges and penalties she faced, determined that Thrasher was competent and entering her plea voluntarily, and found there was a sufficient factual basis ·for the plea. Furthermore, Thrasher stated that she had fully discussed the case and all possible defenses with her attorney, and that she was satisfied with his representation. Finally, the district court noted the appeal waiver contained in her plea agreement. Despite Thrasher's present contention that her plea was involuntary, her sworn statements at the Rule 11 hearing are presumed to be true.... Accordingly, because there is no evidence that Thrasher's plea was not knowing and voluntary, we find that the appeal waiver included in her plea agreement is valid.

*Id.*[7] Moreover, the court found that there was "no indication in the record that coun-

---

**4.** "The defendant agrees to the entry of a Restitution Order for the full amount of victims' losses. The defendant also agrees that restitution is due to the victim(s) of an offense listed in Title 18, United States Code, Section 3663A(c)(1)(A) that is not the offense of conviction but gave rise to the plea agreement." (Plea Agreement ¶ 10.)

**5.** Thrasher's trial counsel, Lawrence Woodward, filed Thrasher's notice of appeal but was relieved of further representing Thrasher on appeal by order of the Fourth Circuit on August 21, 2007. Mr. Woodward is now the subject of Thrasher's ineffective assistance of

counsel claims. Craig W. Sampson was appointed as Thrasher's new counsel on appeal.

**6.** Though the judgment was entered on November 24, 2008, the Fourth Circuit ordered that the judgment not take effect until the court issued a formal mandate, pursuant to Federal Rule of Appellate Procedure 41(a), which the court issued on December 16, 2008.

**7.** The court also found that Thrasher's contentions that there were numerous errors relating to her sentence and restitution order were

sel was ineffective, and Thrasher fail[ed] to identify any such evidence." *Id.* However, the appellate court denied the United States' motion to dismiss Thrasher's claims that she received ineffective assistance of counsel and that her plea was involuntary, as such claims "must be raised in a 28 U.S.C. § 2255 motion rather than on direct appeal." *Id.* The appellate court did dismiss Thrasher's remaining claims regarding the validity of her convictions and sentence, and affirmed the district court's judgment. *Id.*[8]

On February 24, 2010, Thrasher filed the instant Motion.[9] In the Motion, Thrasher asserts numerous grounds for relief: 1) that the court's restitution order was illegal and erroneously calculated; 2) that the indictment in this case was defective; 3) that she did not knowingly and voluntarily enter into her plea agreement; 4) that the consecutive sentences imposed upon her violated the Double Jeopardy

clause of the Constitution; 5) that the sentence imposed violated the *Ex Post Facto* clause of the Constitution; 6) that her counsel, Larry Woodward, was ineffective; and 7) that the United States engaged in prosecutorial misconduct.[10]

## II. DISCUSSION

Under 28 U.S.C. § 2255, a prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." In challenging her sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence; and, if she satisfies that burden, the court may vacate, set aside, or correct his sentence. 28

---

"squarely within the scope of the appellate waiver, as Thrasher waived the right to appeal 'any sentence within the statutory maximum ... or the manner in which that sentence was determined ... on any ground whatsoever.'" *United States v. Thrasher,* 301 Fed.Appx. 241, 243 (4th Cir.2008).

**8.** Thrasher did not file a petition for a writ of certiorari to the United States Supreme Court. Therefore, her conviction became final on the date when the time for seeking a writ of certiorari in the Supreme Court expired, which was ninety (90) days after the Fourth Circuit's mandate. *Clay v. United States,* 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)

**9.** On March 3, 2010, this court ordered the United States to respond to the Motion, which it did on April 1, 2010.

**10.** On March 2, 2010, Thrasher filed a Motion to Expand the Record, which this court granted on March 5, 2010, pursuant to Federal Rule Governing § 2255 Motions 7(a). That rule allows the court to order the parties to expand the record to include "additional material relating to the motion." *See* Rule 7(a). However, that rule is not designed to allow,

as Thrasher did in this case, a petitioner to add approximately thirty-five additional grounds for ineffective assistance of counsel. *Cf.* Rule 7(b)(allowing letters predating Motion, documents, exhibits, answers under oath to written interrogatories, and affidavits). In other words, Rule 7 is akin to an evidentiary rule rather than a rule allowing a petitioner to amend her Motion. *Cf. Blackledge v. Allison,* 431 U.S. 63, 82, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (noting that Rule 7 of the Rules Governing Section 2254 Proceedings, which has identical language to Rule 7 of the Rules Governing Section 2255 Proceedings, is designed to allow the court to expand the record "to include appropriate materials that enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an *evidentiary hearing.*" (emphasis added)). Accordingly, the court considers these "new" grounds for relief only to the extent that they were included in the Motion and/or relate to the grounds raised in the Motion. Moreover, the court has fully reviewed the entire record in this case and finds no evidence, whatsoever, of ineffective assistance of counsel.

U.S.C. § 2255. However, where the petitioner's motion, when viewed against the record, does not state a claim for relief, the Court should summarily deny the motion. *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir.1988).

**A. Validity of Thrasher's § 2255 Waiver**

■■■ Although the Fourth Circuit has yet to determine the validity and scope of § 2255 waivers, *see United States v. Cannady,* 283 F.3d 641, 645 n. 3 (4th Cir.2002), this court has upheld the validity of such waivers where a defendant knowingly and voluntarily agreed to the waiver. *See Butler v. United States,* 173 F.Supp.2d 489 (E.D.Va.2001); *see also Moon v. United States,* 181 F.Supp.2d 596 (E.D.Va.2002). Further, this court, acknowledging the courts that have addressed the validity and scope of such waivers, has found that § 2255 waivers are enforceable to the same extent as direct appeal waivers. *Id.* Accordingly, where a § 2255 waiver is made knowingly and voluntarily, it is enforceable, and will preclude claims which are within the scope of the waiver. *See United States v. Brown,* 232 F.3d 399, 403 (4th Cir.2000); *United States v. Attar,* 38 F.3d 727, 731–33 (4th Cir.1994). Whether a waiver of rights within a plea agreement is knowing and voluntary is based upon the totality of circumstances, including the adequacy of the plea colloquy and the experience and conduct of the defendant. *United States v. Blick,* 408 F.3d 162, 169 (4th Cir.2005). Where the court fully questions a defendant during a Rule 11 colloquy regarding the waiver, it is pre-

sumptively valid. *United States v. Wessells,* 936 F.2d 165, 167–68 (4th Cir.1991).

■ In this case, Thrasher knowingly and voluntarily agreed to the § 2255 waiver. At the plea hearing, the court directed specific attention to the § 2255 waiver, advising Thrasher that she had a right to one habeas corpus petition to challenge her convictions in federal court and that the plea agreement removed that right. (*See* Plea Hr'g. Tr. 23:3–24:10.) Thrasher confirmed that she understood this, acknowledged that she discussed the waiver with her trial counsel, and stated that she had no further questions regarding the waiver which the court could answer. (*Id.*) Such declarations on the record and under oath suffice to show that the defendant knowingly and voluntary waived her right to appeal. *See Wessells,* 936 F.2d at 167–68. Accordingly, Thrasher has failed to overcome the presumption that the waiver is valid. *Id.*

Further, Thrasher has not shown by clear and convincing evidence that her sworn statements regarding her understanding of the waiver were false. *See Fields v. Att'y Gen. of State of Md.,* 956 F.2d 1290, 1299 (4th Cir.1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Thrasher proffers no evidence to show that she was misled as to the nature of the waiver, and the court would find such evidence incredible considering the very clear language used in the plea agreement, and considering the specific attention the court paid to the waiver in the Rule 11 colloquy.[11]

---

11. In her Motion, Thrasher conflates the issue of whether the § 2255 waiver is valid with whether the plea agreement is valid, claiming that if the plea agreement was involuntary, then the waivers contained therein are involuntary. She claims that she did not knowing-

ly and voluntarily enter into the plea agreement because her counsel misinformed her of the elements of the crimes. She also claims that the United States breached the plea agreement, thereby relieving her of her duty to abide by the waiver included in the agree-

## B. Scope of Thrasher's § 2255 Waiver

Despite the validity of a § 2255 waiver, its scope is limited to the same degree as a waiver of one's right to direct appeal. Accordingly, a claim that 1) a sentence exceeds the statutory maximum penalty; 2) a sentence is based on a constitutionally impermissible factor, such as race; 3) the guilty plea was entered unknowingly and involuntarily; or 4) the petitioner received ineffective assistance of counsel after entering her guilty plea are not within the scope of a valid § 2255 waiver. *See Brown,* 232 F.3d at 403–4; *Attar,* 38 F.3d at 732–33 (both cases discussing the exceptions to a valid waiver of one's direct appeal rights); *see also Butler,* 173 F.Supp.2d at 493 (finding that collateral attack waivers should be subject to the same exceptions as direct appeal waivers); *Moon,* 181 F.Supp.2d 596, 602 (applying the ineffective assistance of counsel at sentencing exception to a valid § 2255 waiver). In this case, Thrasher's first, second, fourth, and fifth claims are clearly precluded by the § 2255 waiver.

■ With regard to her first claim, Thrasher contends that "the restitution order is impracticable due to the large number of undocumented so-called victims and that the total amount in the order is grossly erroneously calculated." (Memorandum in Support at 3.) It is clear that this claim falls squarely within the waiver as it challenges a part of Thrasher's sentence, namely the restitution order. Moreover, it clearly does not fall within either of the aforementioned limitations to the scope of a valid §, 2255 waiver.[12]

With regard to her second claim, Thrasher contends that her indictment should be dismissed because it suffers from multiplicity of offenses and thus fails to create federal subject matter jurisdiction.[13] A challenge to the validity of the indictment falls squarely within the waiver as it challenges the basis of conviction. Moreover, such a claim is also without merit because a plea of guilty waives any right to challenge the indictment. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Furthermore, the purported deficiency in the indictment would not remove this court's jurisdiction as the law is clear that a claim that an indictment is defective "goes only to the merits of the case" and not jurisdiction. *See, e.g., United States v. Cotton,* 535 U.S. 625, 630–31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).[14]

---

ment. As the court addresses these claims in more detail below, *see infra* Sections II.C.1 and II.C.3, it will suffice at this point to state that the court finds Thrasher's claims in this regard meritless, and thus she has failed to present sufficient evidence that she did not knowingly and voluntarily agree to the § 2255 waiver.

12. Moreover, Thrasher's claim that her sentence was illegal because the "restitution ordered is from an offense other than the offense Petitioner was convicted on," is meritless. (Memorandum in Support at 3) (citing *United States v. Broughton–Jones,* 71 F.3d 1143, 1146–47 (4th Cir.1995)). Thrasher was convicted of offenses for which a defendant must pay full restitution to victims. *See* 18 U.S.C. § 3663A. Moreover, insofar as she was ordered to pay restitution for offenses for which she was not convicted, she agreed to do so in the plea agreement, in accordance with statutory provisions. *See* 18 U.S.C. § 3663A(C)(2); *see also supra* note 4.

13. Thrasher also states that her indictment should be dismissed because of improprieties in the grand jury proceedings in this case. (*See* Memorandum in Support at 6.) Thrasher has provided absolutely no evidence in support of this claim, and it, too, would be within the scope of the waiver.

14. Additionally, insofar as Thrasher is also claiming that her counsel was ineffective for

In her fourth and fifth claims, Thrasher attempts to challenge her sentence. In her fourth claim, Thrasher contends that "the consecutive sentence she received for wire and mail fraud violate her right to be free from double jeopardy." (Memorandum in Support at 10.) [15] In her fifth claim, Thrasher contends that the use of the 2006 Guidelines Manual in her sentencing constituted a violation of the *Ex Post Facto* clause of the Constitution. (*Id.* at 12.) Clearly, both of these claims fall within the waiver. Nowhere has Thrasher shown, nor can she show, that the court sentenced her to a term greater than the statutory maximum. Thus, she has no claim that the sentencing issues she raises are outside the scope of the § 2255 waiver.

## C. Thrasher's Claims Which Are Outside the Scope of the § 2255 Waiver

As note above, a valid § 2255 waiver does not apply to claims that 1) a sentence exceeds the statutory maximum penalty, 2) a sentence is based on a constitutionally impermissible factor, such as race, 3) the guilty plea was entered unknowingly and involuntarily, or 4) the petitioner received ineffective assistance of counsel after entering her guilty plea. In this regard, the

court will address Thrasher's third, sixth, and seventh claims on the merits.

### 1. Voluntariness of Guilty Plea (Third Claim)

With regard to Thrasher's third claim, she contends that her guilty plea was not knowingly and voluntarily made because her counsel failed to explain to her all the necessary elements that the government must prove in order for her to be found guilty.[16] (*See* Memorandum in Support at 8.) Where a defendant pleads guilty, the court will presume the truth of the defendant's statements under oath, and "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of State of Md.,* 956 F.2d 1290, 1299 (4th Cir.1992); *see also Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Without such proof, the court will "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster,* 403 F.3d 216, 221–22 (4th Cir.2005). Specifically relating to plea agreements, where a plea agreement is favorable to a defendant and it was reasonable and prudent to

failing to move the court to dismiss the indictment on these grounds, that claim is also waived by the § 2255 waiver. Such an ineffective assistance of counsel claim does not fall within one of the exceptions to a valid § 2255 waiver.

**15.** Thrasher also contends in her fourth claim that "counsel was constitutionally ineffective in [failing to move] to arrest judgment on counts two and three," in light of her contention that being sentenced for both of those crimes violated double jeopardy.

(Memorandum in Support at 11.) That claim is likewise waived because it pertains to alleged ineffective assistance of counsel at or before the guilty plea hearing. Insofar as Thrasher attempts to characterize this alleged

act of ineffective assistance of counsel as one occurring after the guilty plea hearing, the court finds such a characterization untenable. This court will not tolerate abuse of that exception in the form of a "thinly veiled attack on the sentence imposed ... or the application of the sentencing guidelines," under the guise of ineffective assistance of counsel. *Moon,* 181 F.Supp.2d at 602, n. 3.

**16.** This claim also makes up the substance of one of Thrasher's ineffective assistance of counsel claims. In that regard, she also claims that had she known the actual elements of the charges, she would not have pled guilty because she is "legally innocent" of the offenses charged. (*See* Memorandum in Support at 9.) The court also finds that claim meritless. *See infra* note 20.

accept the plea, that is itself evidence of the voluntary and intelligent nature of the plea. *Fields,* 956 F.2d at 1299.

■ Notwithstanding Thrasher's bald, self-serving statements regarding the information she was given prior to pleading guilty, the record of the case firmly establishes that the plea agreement was knowingly and voluntarily entered into. At the plea hearing, this court explained to Thrasher that the purpose of the colloquy was to determine whether she was freely and voluntarily entering the plea, and Thrasher, under oath, confirmed that she had reviewed the plea agreement with her counsel, and that she was entering the agreement knowingly and voluntarily. (Plea Hr'g. Tr. At 4:2–9; 12:13–17; 31:6–8.) [17] Moreover, she confirmed that she had discussed all the facts of the case and potential defenses with counsel, and that she was entering a plea of guilty because she was in fact guilty. (*Id.* at 19:2–4; 30:14–19.) Further, the court, in reviewing the agreed statement of facts and the elements of the charges, found that there was sufficient factual support in the statement of facts to find Thrasher guilty. (*Id.* at 35:3–11).

Importantly, upon counsel's representations to the court that he had reviewed the elements of the charges with Thrasher numerous times, and that he knew she understood them, Thrasher made no attempt to contradict counsel's statements. To the contrary she told the court that she did not need the charges explained further to her, which contradicts her current claim that she was concerned about the actual elements that the United States must prove. (*See* Plea Hr'g. Tr. at 10:17; 30:1–5.) Moreover, as stated above, Thrasher signed and agreed to the written statement of facts, under oath and in open court, and these facts supported the elements of the charges to which she pled guilty. (*Id.* at 19:2–4; 30:14–19; 35:3–11.) Accordingly, Thrasher's statements, now, that she was confused at the plea hearing or that she did not fully understand the elements the United States needed to prove for her to be found guilty are convincingly undermined by the record. At the very least, Thrasher has failed to provide clear and convincing evidence to contradict her sworn statements during the plea colloquy.[18]

## 2. Ineffective Assistance of Counsel (Sixth Claim)

In order to prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that 1) the attorney's performance was deficient, and 2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficient performance, counsel's actions are measured against what "an objectively reasonable attorney would have

---

**17.** Thrasher also confirmed her satisfaction with counsel's representation. (Plea Hr'g. Tr. at 18:21–19:7.) Additionally, she confirmed satisfaction with the assistance of counsel in the Plea Agreement. (Plea Agreement ¶ 5.)

**18.** Moreover, Thrasher has failed to overcome the presumption of voluntariness based on the beneficial nature of the plea agreement. In this case, it is abundantly clear that Thrasher's plea agreement was beneficial and, hence, presumptively voluntary. In exchange for Thrasher's plea, the United States dismissed fifty-two (52) additional counts against her; and, pursuant to the plea agreement, Thrasher was given the opportunity for additional sentence reductions upon cooperation with the United States. (Plea Agreement ¶¶ 13, 16.) Moreover, her sentence was capped at 15 years imprisonment, due to the plea agreement, despite having a Guidelines range of 324 to 405 months. (Sent. Hr'g. Tr. at 124:12–16.)

done under the circumstances existing at the time of the representation." *Savino v. Murray,* 82 F.3d 593, 599 (4th Cir.1996). Moreover, the court must attempt to "eliminate the distorting effects of hindsight," and instead indulge a "strong presumption that counsel's challenged conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. To demonstrate prejudice, Thrasher must show "a reasonable probability that, but for counsel's deficient performance, the outcome would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Moreover, because she pled guilty, Thrasher has the heightened burden of showing that but for counsel's errors, "[s]he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.1988).

With regard to Thrasher's sixth claim, she contends that her counsel was ineffective for (a) failing to object to the defective indictment; (b) failing to argue that she was innocent; (c) failing to move for "arrest of judgment" on counts two and three; (d) failing to argue that the restitution order and sentence were illegal; (e) failing to advise her of the true elements of the crimes charged; (f) failing to argue that the district court committed errors in calculating her sentence; and (g) failing to properly brief all of the aforementioned issues on direct appeal.[19] Of Thrasher's claims of ineffective assistance of counsel, only claims (d), (f), and (g) are cognizable considering the § 2255 waiver, as they pertain to alleged ineffective assistance of counsel after the plea proceedings.[20]

Neither of Thrasher's viable claims of ineffective assistance of counsel are meri-

---

**19.** Thrasher seems to also claim that counsel was ineffective for failing to advise her that she had a right to require the United States to prove beyond a reasonable doubt "each and every factor and component that could or would affect the severity of Defendant's punishment" and failed to advise her that she had a right to appeal and collaterally attack her sentence and that language in the plea agreement would end that right. (Memorandum in Support at 17.) These claims are patently untenable. The claim that the United States would have to prove every factor affecting Thrasher's sentence beyond a reasonable doubt is quite simply inaccurate. Accordingly, counsel could not have been ineffective for failing to give Thrasher an incorrect interpretation of the law. Moreover, the claim that Thrasher did not know about her right to appeal and collaterally attack her sentence, or that the plea agreement included a waiver of those rights, contradicts her own statements under oath and is completely refuted by the transcript of the plea hearing, where the court specifically discussed those issues with her, and it was addressed by the Fourth Circuit on appeal and is discussed in this Memorandum Opinion and Final Order. *See supra* at 483 and Section II.A.

**20.** Insofar as claim (c) could be considered cognizable, the court has already discussed why that claim lacks merit. *See supra* note 15. Moreover, with respect to claim (d), insofar as it attacks the knowing and voluntary nature of the plea, that claim lacks merit. First, Thrasher has not shown on the record that counsel engaged in any objectively unreasonable actions, and thus has not shown that the guilty plea was not knowingly and voluntarily entered. *See* supra Section II.C.1. Second, Thrasher has failed to demonstrate prejudice in the Motion, namely that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The statement of facts in this case is undisputed, and regardless of whether Thrasher was correctly informed of the elements of her charges, it is unlikely that she would have insisted on trial considering that the statement of facts firmly establishes her guilt. Moreover, it is unlikely because she would have been facing more than fifty additional charges, but for the plea agreement. Accordingly, the court presumes that she still would have taken advantage of the highly favorable plea agreement, and Thrasher has not rebutted that presumption.

torious. With respect to claims (d) and (f), Thrasher offers neither proof nor argument as to how her counsel was ineffective with regard to these claims. Moreover, Thrasher's claims are nothing more than attempts to recast already waived issues regarding her sentence under the guise of ineffective assistance of counsel. *See Moon*, 181 F.Supp.2d at 602, n. 3. Therefore, Thrasher has failed to meet her burden with regard to these ineffective assistance of counsel claims.

■ With respect to claim (g), Thrasher offers no evidence that counsel acted unreasonably. To the contrary, counsel acted reasonably and fulfilled his obligation to Thrasher by filing her notice of appeal, notwithstanding the appeal waiver. *Cf. United States v. Parra*, 238 F.3d 417, 2000 WL 1714181, at *1 (4th Cir. Nov. 16, 2000) (noting that, even if a defendant enters into a plea agreement that knowingly and voluntarily waives the right to appeal, counsel may still be ineffective if failing to note a requested appeal). Mr. Woodward then moved to withdraw as Thrasher's appellate counsel, and the Fourth Circuit granted his motion and appointed new counsel for her appeal,[21] who then filed an *Anders* brief on March 26, 2008. Any issues for appeal were then to be raised by Thrasher's new counsel, of whom she does not complain.

In sum, Thrasher specifically requested that Woodward appeal, which he did. Woodward was then replaced by new counsel on appeal. Therefore, Woodward acted reasonably and without prejudice to Thrasher. Any grounds to be raised on appeal would have been done so by Thrasher's new appellate counsel, who filed an *Anders* brief and proceeded on her behalf on appeal.[22] There simply was no ineffective assistance of counsel on appeal as Thrasher asserts.

### 3. Validity of Plea Agreement (Seventh Claim)

■ Finally, in her seventh claim, Thrasher contends that the United States engaged in prosecutorial misconduct by breaching the promise it made in the plea agreement to file a motion pursuant to Federal Rule of Criminal Procedure 35(b) on Thrasher's behalf.[23] Accordingly, she claims that the United States' has breached the plea agreement, voiding its terms and the waivers. This claim, too, lacks merit. The plea agreement required that she comply with all the terms of the agreement, substantially assist in the investigation and prosecution of others, and return or cause the return of fraudulently transferred monies to satisfy full restitution. (Plea Agreement ¶ 16(b).) Thrasher has failed to make any allegations that she has fulfilled those conditions precedent to any obligation the United States might have had to. file a Rule 35(b) motion on her behalf. Moreover, once Thrasher filed an appeal, she, arguably, materially breached the plea agreement, and certainly failed to comply with the terms of the agreement,

---

**21.** *See supra* note 5.

**22.** Thrasher also filed an *Anders pro se* brief with the Fourth Circuit on June 3, 2008. *See supra* at 483.

**23.** Thrasher also claims that the United States engaged in prosecutorial misconduct by failing to turn over evidence that "clearly identifies Petitioner's innocence." Such a claim falls within the waiver in that it challenges the

conviction, and does not fall within one of the limitations to the scope of the § 2255 waiver. Insofar as that claim does portend to undermine the knowing and voluntary nature of the plea, Thrasher has failed to directly identify the evidence allegedly suppressed, and how that evidence would have probably produced a different outcome in this case. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Thrasher's bald statement, without more, does not suffice. *See id.*

relieving the United States of any obligation to file for a sentence reduction. Additionally, the record is devoid of evidence that full restitution has been paid. Therefore, Thrasher has not shown that the United States breached the plea agreement, and the plea agreement, and the waivers therein, remain enforceable.

## III. CONCLUSION

For the foregoing reasons, the court **DISMISSES** Thrasher's first, second, fourth, and fifth claims as they were waived in the plea agreement. The court **DENIES** Thrasher's third, sixth, and seventh claims as they lack merit. The petitioner is **ADVISED** that she may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the date of this Memorandum Opinion and Final Order. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to petitioner; to petitioner's trial counsel, Lawrence Woodward; to petitioner's appellate counsel, Craig W. Sampson; and to the Assistant United States Attorney at Norfolk.

**IT IS SO ORDERED.**